[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Petitioner seeks habeas corpus relief. At the time of trial the petitioner presented only two witnesses, the petitioner and Attorney Karen Goodrow ("Goodrow") an assistant public defender who represented the petitioner during plea negotiations and at the time he entered his plea of guilty under the Alford doctrine to manslaughter in the first degree in violation of C.G.S. § 53a-55a and to assault in the first degree in violation of C.G.S. § 53a-59 (a)(1) for which he received a sentence of 18 years on each charge to run concurrently.
After an investigation of all reports with a review with the petitioner and with the assistance of a private investigator attached to Goodrows' office, she advised the petitioner to accept a plea bargain she had worked out with the State's Attorneys office.
Although the petitioner had consistently claimed his innocence, Goodrow had serious concerns about two witnesses namely Joseph Serrano and Luis Gonzalez who were going to testify the petitioner was the shooter into a parked vehicle in which one person was murdered and another seriously injured. Also the plea bargain resulted in a reduction of the charges from murder in violation of C.G.S. § 53a-54a and assault in the first degree in violation of C.G.S. § 53a-59. The petitioner was charged also with conspiracy in violation to both crimes in violation of C.G.S. § 53a-8. Following a complete canvas of the petitioner the court(Espinosa, J.) accepted the plea found it made knowingly and voluntarily with assistance of competent counsel and that there was a factual basis for the plea. The petitioner had undergone laboratory tests which reflected the presence of lead on both of his hands.
In order to prevail in a claim of ineffective assistance of counsel in the context of guilty pleas, the petitioner must show both deficient performance and prejudice Hill v. Lockhart, 474, U.S. at 57, 106 S.Ct. 370
(1985) Copas v. Commissioner of Corrections, 234 Conn. 139, 662 A.2d 718
(1995).
Even if a petitioner succeeds in proving deficient performance, which he has failed in this case, he must then show that the performance resulted in prejudice and he would not have pleaded guilty and would have gone to trial. (Hill v. Lockhart, 475, U.S. at 59).
As argued by the respondent the prejudice inquiry will closely resemble the inquiry by courts in reviewing ineffective assistance challenges to convictions obtained after trial. Hill v. Lockhart, supra at page 59.
The petitioner must also show the likelihood of a successful outcome which has been interpreted as the likelihood of success or a more CT Page 5542 favorable sentence. (See Copas v. Commissioner) supra.
The plea bargain was a recommendation of 20 yeas to run concurrent with a right to argue for less. The petitioner received 18 years.
The petitioner has failed to prove both ineffective assistance of counsel which led to his guilty plea and or that he was prejudiced by the performance of counsel.
Accordingly amended petition is denied.
Frank S. Meadow, Judge Trial Referee